```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| IN RE:<br>JOHN WERNER,<br>　　　　　Debtor.<br><br>JOHN WERNER,<br>　　　　　Appellant,<br>　　v.<br>U.S. DEPT. OF EDUCATION,<br>　　　　　Appellee. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO. 08-00819 (JBS)<br><br>ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>[Case No. 05-06193/GMB]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

　　This matter is before the Court on appeal by Debtor John Werner ("Appellant" or "Debtor") of two orders by the Bankruptcy Court, the first vacating an entry of default against Appellee United States Department of Education ("Appellee"), and the second granting summary judgment in favor of Appellee.  THIS COURT FINDS AS FOLLOWS:

　　1. On November 28, 2005, Appellant filed a complaint initiating adversary proceedings in Bankruptcy Court seeking discharge of a debt owed to Appellee in the form of student loans obtained to pay for the education of his estranged step-daughter. (Bankr. Docket Item 1.)  Appellant asked that this debt be discharged for "undue hardship" pursuant to 11 U.S.C. § 523(a)(8).

2. On October 26, 2006, Appellant sought, and on October 31, 2006, default was entered against Appellee for failure to defend. (Bankr. Docket Items 15 and 16.) On December 15, 2006, Appellee moved to vacate the default, and in support thereof submitted a four-page brief and two attachments, arguing that Appellant had not complied with the Federal Rules of Bankruptcy Procedure in serving his complaint. (Bankr. Docket Item 18.) Appellee responded with evidence of proper service. (Bankr. Docket Item 20.) Appellee, in reply, explained why Appellee's counsel had believed they were not served, why Appellee's counsel was not in possession of Appellant's complaint, and noting that Appellee was not served with the alias summons or the notice of pretrial conference. (Bankr. Docket Item 21.) On January 29, 2007, the Bankruptcy Court, "having considered this matter," issued a short order vacating entry of default. (Bankr. Docket Item 22.)

3. On December 17, 2007, both parties appeared before the Bankruptcy Court for a hearing on Appellee's motion for summary judgment. Before commencing, the Bankruptcy Court gave the parties an opportunity to come to an agreement, satisfactory to all, that would resolve the matter. (Hr'g Tr. at 3.) Though Appellant offered to pay 65 percent of his outstanding debt, Appellee refused to accept his offer, and the parties could not come to an agreement. (Id. at 3-4.) Therefore, the Bankruptcy

Court moved forward with the hearing, explaining to Appellant: "If [Appellee doesn't] want to settle, I can't make them settle." (Id. at 5.)

    4.   The Bankruptcy Court proceeded to grant summary judgment in favor of Appellee. (Bankr. Docket Item 35.) During the December 17th hearing the Bankruptcy Court explained:

> Mr. Werner . . . I'm very sympathetic to your situation, I really am. I know that it wasn't a debt that you got a personal benefit out of. I know that you want to try to work this out, but my hands are really tied by the law and that's why I had suggested you try to resolve it with them.
> In this circuit, the law is very strict. It's the Brunner test[1] that the Third Circuit determined should be followed in PHEAA vs. Faish case, 72 F.3d 298, and . . . you know about that . . .
> It requires a very high standard for the Court to look at. You have to show that you cannot maintain a minimal standard of living. I know that you're not a rich man, Mr. Werner, and I know you're trying to save for retirement and so on. But the facts of your case do not meet that standard of being unable to maintain a minimal standard of living.

---

[1]
> Under this test, "undue hardship" requires a three-part showing: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.

In re Brightful, 267 F.3d 324, 327 (3d Cir. 2001) (citing Brunner v. N.Y. State Higher Education Service Corp., 831 F.2d 395, 396 (2d Cir. 1987).

(Hr'g Tr. at 4-5.)  Appellant responded: "I understand that I don't meet the standard . . ."  (Id. at 5.)

5.  Appellant bases his appeal on two alleged errors by the Bankruptcy Court [Docket Item 2 at 1-2]:

> (1) [Appellant], John A. Werner, pro se, entered a[n] "Entry of Default" on grounds that the defendant did not file a response in compliance with Rule 7004(b)(4)(5), 7012(4), Federal Rules of Bankruptcy [P]rocedure . . . [The Bankruptcy] Court vacated [the] "Entry of Default" for no apparent reason.
>
> (2) [Appellant] was denied relief or compromise as suggested by the court.  Section 105(a) of the Bankruptcy Code established the equitable powers of the bankruptcy court . . . Based on this provision, a number of bankruptcy courts have determined that they possess the power to grant a partial discharge of student loan debts even in the absence of undue hardship.[2]

6.  This Court has jurisdiction to review the Order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  District courts must review bankruptcy courts' findings of fact for clear error, their conclusions of law de novo, and their exercises of discretion for abuse of discretion.  See In re Top Grade Sausage, Inc., 227 F.3d 123, 125 (3d Cir. 2000), overruled on other

---

[2] The Court notes that Appellant does not point to a single opinion in support of this contention.  No statute or precedent places the Department of Education under any obligation to accept a compromise settlement of a student loan debt offered by a debtor, nor does a Bankruptcy Court have authority to mandate discharge of such a loan absent the debtor's demonstration of undue hardship under 11 U.S.C. § 523(a)(8).  Where the law does not place such discretion to force a settlement into the hands of the Bankruptcy Court, there can be no abuse of discretion in refusing to "force" a compromise.

4

grounds by In re Top Sausage, Inc., 540 U.S. 526 (2000); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999) (citing Interface Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 145 F.3d 124, 130 (3d Cir. 1998)); Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992).  In reviewing factual findings, the district court must "give due regard to the opportunity of [the bankruptcy] court to judge, first-hand, the credibility of the witnesses."  In re Rosen, 208 B.R. 345, 348 (D.N.J. 1997) (quoting Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223 (3d Cir. 1995)).  For mixed questions of law and fact, the district court "must accept the [the bankruptcy] court's findings of historical or narrative facts unless they are clearly erroneous, but must exercise a plenary review of the court's choice and interpretation of legal precepts and its application of those precepts to the historical facts."  In re Sharon Steel Corp., 871 F.2d 1217, 1223 (3d Cir. 1989) (quoting Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir. 1981)).  In this matter, Appellant's challenge to the grant of summary judgment is a legal on, which the Court reviews de novo.  The Bankruptcy Judge's order vacating the entry of default in the exercise of her discretion, however, will be reviewed for abuse of discretion.

7. The Court finds that the Bankruptcy Judge did not abuse her discretion when she vacated the default entered against Appellee.  Under Rule 55(c), Fed. R. Civ. P., applied to bankruptcy matters through Rule 7055, Fed. R. Bank. P., a court may set aside an entry of default "for good cause."  This decision "is left primarily to the discretion of the [trial] court."  Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (internal citations omitted).  The Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits."  Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988).  As a result, "a standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default judgment, and [] any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits."  Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir. 1976) (internal punctuation and citations omitted).

8. In ruling on a motion to vacate an entry of default under Rule 55(c), the trial court must consider the following factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  Appellee's counsel argued to the Bankruptcy Court that

the default should be lifted because she reasonably believed that Appellee had not been properly served (noting, inter alia, that Appellant had not filed a certificate of service), she did not receive notice of the pretrial conference she failed to attend, and any delay in the case was due at least in part to Appellant's difficulty in completing service. (Bankr. Docket Item 21.) The Bankruptcy Court "considered this matter" and granted the motion to vacate. (Bankr. Docket Item 22.) The Bankruptcy Court was within its discretion to vacate the default, as Appellant suffered little prejudice and there was no evidence of culpable conduct on the part of Appellee.[3] The Court will therefore affirm the Bankruptcy Court's order vacating entry of default against Appellee.

9. The Court further finds that Appellant has offered no valid basis to challenge the Bankruptcy Court's grant of summary judgment in favor of Appellees, even viewing his pro se appeal liberally. Appellant does not challenge the Bankruptcy Court's determination that he has not sufficiently established undue hardship. To the contrary, several times during his hearing before the judge he conceded that he did not meet the standard. (Hr'g Tr. at 5, 6.) Instead, on appeal he suggests that the

---

[3] There was no need for Appellee to set forth a meritorious defense because, in the context of this adversary proceeding, Appellant had the burden of establishing "undue hardship." See In re Faish, 72 F3d 298, 301 (3d Cir. 1995).

Bankruptcy Court had the power to discharge some of his educational loans without finding that Appellant would suffer undue hardship.  The law, however, is clear that the Court had no discretion to discharge these loans without such a finding.  11 U.S.C. § 523(a); In re Brightful, 267 F.3d 324, 328 (3d Cir. 2001).  The applicable provision, 11 U.S.C. § 523(a), provides that a discharge of other debts in bankruptcy proceedings does not discharge a debtor in from any debt:

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
>
>> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>>
>> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>>
>> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual

11 U.S.C. § 523(a)(8).  In light of this statute, the Third Circuit has held that where an undue burden is not established, "the inquiry must end there, and the student loans cannot be discharged."  In re Brightful, 267 F.3d at 328 (citing In re Faish, 72 F.3d 298, 306 (3d Cir. 1995)).  Given the clear law on the subject, the Court must affirm the Bankruptcy Court's grant

of summary judgment and deny Appellant's appeal.[4]

10.  Having found that the Bankruptcy Court did not abuse its discretion in vacating an entry of default against Appellees and determined that Appellant has no legal basis on which to challenge the Bankruptcy Court's grant of summary judgment, the Court will affirm the Bankruptcy Court's order granting summary judgment and deny Appellant's appeal.  The accompanying Order will be entered.


**November 21, 2008**                         **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge

---

[4] The Court reminds Appellant, as the Bankruptcy Court did, that should his circumstances change such that payment of the debt does constitute an "undue burden" within the meaning of 11 U.S.C. § 523(a)(8), Appellant is free to seek to reopen this case before the Bankruptcy Court.  (Hr'g Tr. at 6-7.)

9